IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| KURBY DECKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:09-CV-027 |
| | § | |
| ROGER MCDONALD, ET AL. | § | |
| | § | |
| Defendants. | § | |

**O R D E R**

The above-referenced case was referred to United States Magistrate Judge Caroline Craven for pre-trial purposes in accordance with 28 U.S.C. § 636. The Report and Recommendation of Judge Craven, which contains her proposed findings of fact and recommendations for the disposition of Defendants' Motion for Summary Judgement, Dkt. No. 57, has been presented for consideration.[1] Plaintiff and Defendants filed objections to the Report and Recommendation. Dkt. Nos. 79 and 74, respectively. Having considered the briefing and all relevant papers and pleadings, the Court finds that the parties' objections should be **overruled** and that the Report and Recommendation of the Magistrate Judge, Dkt. No. 71, should be **adopted**.

---

[1] Defendants Eric Howell, Chequita Dunbar, Kelly Roseberry, Bruce Roseberry, Richelle L. Walter, Kenneth Thompson, John Wilson, Roger McDonald, Vickie Borrow, Anthony Holmes, Gary Gray, and Lynwood Cook jointly filed the motion for summary judgment.

# I. BACKGROUND

The complaint in this case stems from another case filed by Plaintiff, *Decker v. Dunbar*, 633 F.Supp.2d 317 (E.D. Tex. 2008), *aff'd* 2009 WL 5095139 (5th Cir. Dec. 21, 2009) (*"Decker I"*), which was dismissed on September 29, 2008. Plaintiff's allegations relate back to when he started serving individuals in *Decker I*. Plaintiff's complaint alleges claims of denials of access to court, retaliation, denial of due process, excessive use of force, along with violations of the RICO and Hobbs Acts. Dkt. No. 1.

# II. REPORT AND RECOMMENDATION

In her Report and Recommendation of January 11, 2010, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted in part and denied in part. Dkt. No. 71. The Magistrate Judge recommended that the motion be denied with respect to the following claims:

1. Defendants K. Roseberry and Howell retaliating against the Plaintiff by subjecting him to excessive use of force on March 12, 2007;

2. Defendants K. Roseberry and Howell subjecting the Plaintiff to excessive use of force on March 12, 2007;

3. Defendant Howell filing a retaliatory disciplinary case against the Plaintiff for possession of contraband on May 28, 2007, in Disciplinary Case Number 20070269521.

4. Defendants McDonald and B. Roseberry retaliating against the Plaintiff by filing and finding him guilty in Disciplinary Case Number 20070200748.

5. Defendant B. Roseberry denying the Plaintiff due process in conjunction with Disciplinary Case Number 20070200748.

Dkt. No. 71 at 41-42.

# III. DEFENDANTS' OBJECTIONS

Defendants object to the Magistrate Judge's report and recommendation on four grounds. First, Defendants argue that Plaintiff has presented no direct evidence of retaliation. Dkt. No. 74 at 2. Defendants submit that Plaintiff has failed to present evidence of motivation or allege a chronology of events from which retaliation may be inferred. *Id*. at 3-4. Specifically, Defendants contend that a summons was never issued for Defendant Eric Howell in *Decker I* so he "would have been retaliating for a lawsuit for which he was never summoned, and for which he had already answered." *Id*. Additionally, Defendants argue, Defendant Kelly Roseberry was served in *Decker I* but had voluntarily answered before the alleged use of excessive force. *Id.* Thus, Defendants claim, "Defendants had no plausible reason for retaliation against Plaintiff, as the ongoing litigation could not have been prevented by the alleged facts." *Id*. Defendants submit similar arguments for the retaliation claim against Defendant Roger McDonald. *Id.* at 5.

Second, Defendants argue that Plaintiff has not established a due process claim and "has offered nothing to show that he was denied due process save for his conclusory allegations." *Id*. at 6. Third, Defendants argue that Plaintiff has not established an excessive force claim and object to the Magistrate Judge's finding to the extent the Court has not considered all the evidence. In particular, Defendants submit an amended version of the report of the TDCJ Office of Inspector General which includes a page omitted from the previous version. According to Defendants, this page demonstrates that there is no evidence to support Plaintiff's excessive force claim. *Id*. at 8. Additionally, Defendants submit a shift roster for March 12, 2007, which according to Defendants shows that Defendants Kelly Roseberry and Eric Howell did not work in the same area of the prison when the alleged use of force took place. *Id.* Defendants also

provide sworn affidavits rebutting Plaintiff's claims. *Id.*

Finally, Defendants argue that Plaintiff did not overcome their entitlement to qualified immunity. *Id*. at 7. Specifically, Defendants object that the Magistrate Judge failed to adequately apply the facts of the case to determining whether the Defendants' official action could reasonably have been thought consistent with a constitutional right. *Id.*

Plaintiff filed a response to Defendants' objections essentially echoing his arguments presented to the Magistrate Judge. Dkt. No. 79.

## IV. DISCUSSION

In a motion for summary judgment, the moving party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). An issue is "material" where it involves a fact that might affect the outcome of the suit under the governing law of the underlying cause of action. *See Burgos v. S.W. Bell Tel. Co.,* 20 F.3d 633, 635 (5th Cir. 1994) (citing *Anderson,* 477 U.S. at 248). The nonmovant is not required to respond to a motion for summary judgment until the movant first meets its burden of demonstrating that there are no factual issues warranting trial. *Ashe v. Corley,* 992 F.2d 540 (5th Cir. 1993). Once the movant has shown the absence of material fact issues, however, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable [fact finder] could return a verdict for the nonmoving

party." *Liberty Lobby*, 477 U.S. at 248.

As an initial matter, Defendants' argument that the Magistrate Judge declined to engage in the second step of the qualified immunity analysis with respect to remaining five claims lacks merit. The Magistrate Judge reviewed Plaintiff's claims under the traditional two-step sequence of *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151 (2001). Dkt. No. 71 at 15. While Plaintiff bears the burden of establishing facts to overcome a defense of qualified immunity, Defendants nonetheless bear the burden of demonstrating that summary judgment is proper. *See Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir.2009). In this case, the Magistrate Judge properly found that Defendants had not met their burden with respect to the five remaining claims.

Similarly, Defendants' argument that the Plaintiff has failed to present evidence of motivation or allege a chronology of events from which retaliation may be inferred cannot support summary judgment. Defendants correctly state that a valid claim for retaliation under section 1983 requires a prisoner to allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. Dkt. No. 74 at 2 (citing *Jones v. Greninger*, 188 F.3d 322, 324-325 (5th Cir. 1999)). However, as the Magistrate Judge found, Plaintiff submitted competent summary judgment evidence of his claims of retaliation by Defendants K. Roseberry, Howell, and McDonald. *See* Dkt. No. 71 at 28. For example, Plaintiff submitted statements from other inmates in support of his claim of excessive force used in retaliation of Plaintiff's serving summons associated with *Decker I*. *Id.* (referring to remaining claims 1 and 2). Plaintiff also presented competent evidence in support of his claim against Defendant Howell for the disciplinary case arising from the Plaintiff's alleged possession of contraband. *Id*. at 29 (referring

to claim 3).

Furthermore, the Magistrate Judge properly found that Plaintiff's factual claim regarding Disciplinary Case No. 20070200748 is sufficient to overcome summary judgment. *Id.* at 28 (referring to claim 4). Finally, as the Magistrate Judge found, Defendants have not met their burden to show that denying Plaintiff the opportunity to attend the hearing for Disciplinary Case No. 20070200748 or call witnesses on his behalf did not violate Plaintiff's due process rights as a matter of law. *Id*. at 30 (referring to claim 5). And Defendants provide no support for their position that the fact that Plaintiff subsequently received a reversal of his conviction proves that he received due process. In sum, a genuine issue of material fact exists as to whether a retaliatory intent can be inferred from the series of events, and Defendants have not sufficiently demonstrated that summary judgment would be proper on these claims.

Defendants also contend that no due process violation can be supported because "[n]o injury exceeding the *de minimis* standard is pled or demonstrated." *Id*. While an inmate must have suffered more than a *de minimis* physical injury, *see Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999), the Magistrate Judge correctly concluded that disputed questions of material fact remain as to whether Plaintiff's injury does indeed exceed that threshold. Dkt. No. 71 at 36; *see also, Brown v. Lippard*, 472 F.3d 384 (5th Cir. 2006)(rejecting argument that injuries must rise to some certain level of significance to satisfy an excessive force claim).

Defendants also object to the finding of the Magistrate Judge to the extent that the Court has not considered all of the relevant evidence regarding Plaintiff's excessive force claim. *Id*. The new evidence consisted of an amended version of the TDCJ Office of Inspector General report, a shift roster for March 12, 2007, and sworn affidavits rebutting Plaintiff's claims. Despite

the new evidence provided by Defendants, they have not met their burden to show summary judgment is proper with respect to the excessive force claim. An excessive use of force claim has both subjective and objective components, and the Magistrate Judge properly concluded that "there is an issue of whether the officials acted with a 'sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Dkt. No. 71 at 33 (citing *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995 (1992)).

Plaintiff's objections echo the arguments presented in the before the Magistrate Judge. Like many of those arguments, Plaintiff's objections to the Magistrate Judge's Report and Recommendation are inapposite or unavailing.

## V. CONCLUSION

For the foregoing reasons, Defendants' and Plaintiffs' objections to the Report and Recommendation of the Magistrate Judge, Dkt. Nos. 79 and 74, are hereby **OVERRULED**. Defendants' Motion for Summary Judgment, Dkt. No. 57, is **DENIED** as to the following claims:

1. Defendants K. Roseberry and Howell retaliating against the Plaintiff by subjecting him to excessive use of force on March 12, 2007;

2. Defendants K. Roseberry and Howell subjecting the Plaintiff to excessive use of force on March 12, 2007;

3. Defendant Howell filing a retaliatory disciplinary case against the Plaintiff for possession of contraband on May 28, 2007, in Disciplinary Case Number 20070269521.

4. Defendants McDonald and B. Roseberry retaliating against the Plaintiff by filing and finding him guilty in Disciplinary Case Number 20070200748.

5. Defendant B. Roseberry denying the Plaintiff due process in conjunction with Disciplinary Case Number 20070200748.

Defendants' Motion for Summary Judgment is **GRANTED IN PART** as to all other claims.

Further, Plaintiff's claims except for the five listed above are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED this 7th day of April, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE